IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Amonee Washington, | ) | Civil Action No. 2:18-2627-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| City of North Charleston, North Charleston Police Department, John Glenn, individually and in his official capacity, and Anthony Russ, individually and in his official capacity, | ) | |
| Defendants. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 13) recommending the Court grant in part and deny in part the Defendants' motion to dismiss (Dkt. No. 5). For the reasons set forth below, the Court adopts the R & R as the order of the Court and the Court grants in part and denies in part Defendants' motion to dismiss.

**I.  Background**

Plaintiff alleges that she was arrested without probable cause on June 5, 2017, on a fraudulent check charge. (Dkt. No. 1-1 at ¶¶ 6 – 14.) Plaintiff alleges that because of the arrest, she spent almost twenty-four (24) hours in jail, and that the charges were ultimately dismissed for a lack of probable cause. (*Id.* at ¶¶ 13, 34.) The Defendants are the North Charleston Police Department ("NCPD"), City of North Charleston (the "City"), and the arresting officers. (Dkt. No. 1-1.) Plaintiff asserts five causes of action: gross negligence/negligence/negligence *per se* against NCPD and the City; False Imprisonment against all Defendants; Malicious Prosecution against all Defendants; a 42 U.S.C. § 1983 claim against all Defendants, and; a 42 U.S.C. § 1983 *Monell* claim against the NCPD and the City. (*Id.*)

1

Defendants removed the case to this Court on September 26, 2018. (Dkt. No. 1.) Following removal, Defendants filed a partial motion to dismiss. (Dkt. No. 5.) Plaintiff consented to four of Defendants' requests in the motion, but opposes dismissal of her § 1983 *Monell* claim against the NCPD and the City (fifth cause of action). (Dkt. No. 8.) On February 7, 2019, the Magistrate Judge issued an R & R which recommended granting the motion to dismiss to the extent Plaintiff consented to drop certain claims, but denying the motion as to Plaintiff's § 1983 *Monell* claim against the City. (Dkt. No. 13.) Defendants have not filed objections to the R & R.

## II. Legal Standard

### A. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff did not file objections in this case, and the R & R is therefore reviewed for clear error.

**B.     Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**III.    Discussion**

To begin with, as the Magistrate Judge correctly noted, Plaintiff, agreed to: 1) dismiss the NCPD as it is the same as the City for the purposes of this lawsuit; 2) dismiss Defendants Glenn and Russ, the arresting officers, from her state law claims (the second and third causes of action);

3

3) dismiss the City as a Defendant under her fourth cause of action, a § 1983 claim, and; 4) dismiss all claims for punitive damages against the City. The Court will grant the motion to dismiss as to those parties and claims.

Therefore, the only remaining issue is Defendants' motion to dismiss as to Plaintiff's fifth cause of action asserting a § 1983 *Monell* claim against the City.[1] Under § 1983, no municipality can be held liable on a theory of *respondeat superior*, and instead a city "is only liable under section 1983 if it causes such a deprivation through an official policy or custom." *Carter v. Morris*, 164 F.3d 215, 218 (4th Cir. 1999) *citing Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 – 91, (1978). However, the Supreme Court has explained that a Plaintiff can make out a *Monell* claim were a municipality's "failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989) ("it may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need.").

Here, as the Magistrate Judge correctly held, Plaintiff alleged that the Defendants violated Plaintiff's constitutional rights by her false arrest, and that this constitutional violation was caused by the Defendant City's failure to train Defendant Glenn and Russ. Specifically, in addition to including detailed pleadings regarding the actual arrest (Dkt. No. 1-1 at ¶¶ 6 – 14), Plaintiff alleges that the NCPD knew that Glenn and Russ had performed few fraudulent check investigations, Glenn and Russ discussed their lack of fraudulent check experience, and that the only times they

---

[1] The Claim was asserted against the City and NCPD, but now remains against solely the City as the NCPD is dismissed from this action.

had investigated fraudulent checks the defendant had always either attempted to cash the check or had endorsed the check. (*Id.* at ¶¶ 21 – 23.) Plaintiff also made clear she was alleging this constituted a failure to discipline, supervise or adequately train Defendants Glenn and Russ. (*Id.* at ¶ 69.)

Plaintiff will ultimately have to submit actual evidence to support this claim, but at the pleading stage Plaintiff's allegations make out a § 1983 *Monell* claim against the City by alleging that the City's failure to properly train Glenn and Russ and that this failure to train actually caused her alleged deprivation of rights. (*Id.* at ¶¶ 21 – 23, 33 – 36, 69.)

IV. **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 13) as the order of the Court and Defendants' motion to dismiss (Dkt. No. 5) is **GRANTED IN PART** and **DENIED IN PART**. Defendants' motion is **GRANTED** to the extent that: the North Charleston Police Department is **DISMISSED** from this action; Defendants Glenn and Russ are **DISMISSED** from Plaintiff's second and third causes of action; Defendant City of North Charleston is **DISMISSED** from Plaintiff's fourth cause of action; and the claim for punitive damages is **DISMISSED** as to the Defendant City of North Charleston. Defendants' motion is **DENIED** as to Plaintiff's fifth cause of action asserting a § 1983 *Monell* claim.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

March 11, 2019
Charleston, South Carolina